FILED
APR 20 2010
APR 2 0 2010   NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QUAWANA HASSAN,

          Plaintiff

V.

KENNETH L. DANIELS, individually and
TOTAL FACILITY MAINTENANCE, INC.,
(an Illinois domestic corporation)

          Defendants

Civil Action No.

10cv2440
Judge Virginia M. Kendall
Magistrate Morton Denlow

## COMPLAINT

### Jurisdiction

This is a Civil Action for damages brought pursuant to title VII of the Civil Rights Act of 1964, § 701, et seq., as amended 42 U.S.C. § 2000e, *et seq.* Jurisdiction is founded upon 42 U.S.C. §§ 2000e(1) through 2000e(15). Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law. The amount in controversy exceeds $50,000.00, excluding costs and attorney's fees.

Plaintiff has complied with all the jurisdictional prerequisites to action under title VII of the Civil Rights Act of 1964, as follows:

a. Commencing on or about May 2004 and continuing until October 2009, the defendant, Total Facility Maintenance, Inc., engaged in employment discrimination consisting of condoning, permitting and refusing to terminate sexual harassment of the plaintiff by her supervisor and defendant continued thereafter to permit such harassment to continue without interruption, compelling the plaintiff to file her complaint against the Defendant with the EEOC.

b. On or about December 11, 2009, Plaintiff initially filed her verified complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

c. Thereafter, the Case Control Unit, EEOC Section, forwarded a copy of the complaint of employment discrimination to the EEOC District Office.

d. On or after January 22, 2010, the EEOC notified the plaintiff of the termination of any further processing of this charge of employment discrimination and that plaintiff has the right to institute this action within ninety days of the receipt of the notification.

e. Plaintiff has filed this action within ninety(90) days of the receipt of her Notice of Right to Sue.

## INTRODUCTION

1. That at all times hereinafter mentioned, plaintiff, Quawana Hassan, was and still is a resident of Glendale Heights in the County of Du Page, Illinois.

2. Upon information and belief, that at all times hereinafter mentioned, the defendant, Total Facility Maintenance, Inc., was and still is a corporation, duly incorporated under the laws of the State of Illinois and doing business in the State of Illinois as a domestic corporation.

3. That for a period of years plaintiff, Quawana Hassan, has been employed by the defendant, Total Facility Maintenance, Inc., in the capacity of a Maintenance Worker.

4. That during 2006, plaintiff, Quawana Hassan was promoted by defendant, Total Facility Maintenance, Inc., to the position of Field Supervisor, on the recommendation of Kenneth L. Daniels.

5. That prior to and following the assignment of Kenneth L. Daniels as a supervisor of the plaintiff, said Kenneth L. Daniels commenced an immediate and continual course of conduct, wherein said Kenneth L. Daniels sexually harassed the plaintiff.

6. That the sexual harassment by Kenneth L. Daniels was repeated and was designed to compel the plaintiff to submit to his sexual advances, which she did, thereby rendering plaintiff's submission to the sexual advances of Kenneth L. Daniels as a term or condition of her employment.

7. That the sexual harassment by Kenneth L. Daniels of the plaintiff substantially affected the plaintiff's employment and thereafter caused her to suffer emotional and mental anguish as a direct result of the continual sexual harassment and advances of

Kenneth L. Daniels.

8. That following the commencement by of the numerous acts of sexual harassment, the plaintiff, Quawana Hassan could not file a complaint(s) with the defendant, Total Facility Maintenance, Inc., its agents, servants and employees as they are relatives of Kenneth L. Daniels.

9. That despite the complaints made by the plaintiff, Quawana Hassan, to the defendant, Kenneth L. Daniels, supervisor, agent, servant and employee, of the defendant, Total Facility Maintenance, Inc., he failed and refused to terminate the course of conduct of, constituting sexual harassment of the plaintiff, thereby condoning such illegal acts and transforming the acceptance of the sexual advances of plaintiff's supervisor into a condition of plaintiff's continued employment.

10. That the conduct of, Kenneth L. Daniels, constituting sexual harassment, abuse and discrimination was further ratified and condoned by the defendant, Total Facility Maintenance, Inc., in that the sexual harassment of Quawana Hassan by Kenneth L. Daniels did compel her submission to sexual intimacies and activities and such other acts of sexual harassment by Kenneth L. Daniels was in fact known to the defendant, its agents, servants and/or employees and the defendant failed and refused to terminate same, thereby rendering it a policy of the defendant that submission to sexual harassment by its female employees was a condition of their employment.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 10, as if set forth in full herein.

12. Defendants, Total Facility Maintenance, Inc., and Kenneth L. Daniels, their agents, servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, did deprive the plaintiff, Quawana Hassan, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, particularly her right to be free from sexual discrimination and harassment and her rights as provided by title VII of the Civil Rights Act of 1964, § 701, *et seq.*, as amended 42 U.S.C. § 2000e, *et seq.*

13. The plaintiff has suffered irreparable emotional and mental damages which will continue and compensatory and punitive damages by law made and provided.

## RELIEF SOUGHT

WHEREFORE, plaintiff demands the following relief against the defendant:

A. Compensatory damages in a in excess of $50,000.00.

B. Punitive damages in a sum to be determined by the Court.

C. Reasonable counsel fees, together with costs and disbursements.

D. For such other and further relief as this Court may deem just and proper under the circumstances.

*David A. Culpepper*
Attorney for Plaintiff

David A. Culpepper
Attorney at Law
77 West Washington Street, Suite 1708
Chicago, Illinois 60602
(312) 939-0779